## MOORE *vs.* MOORE.

1. The ordinary has jurisdiction to issue and try a *habeas corpus* to determine the rights of a husband and wife living separately as to the possession of the children.

2. The ordinary did not abuse his discretion in this case in awarding the control of the children to the mother.

Jurisdiction. Ordinary. *Habeas Corpus.* Before Judge MERSHON. Wayne Superior Court. September Term, 1880.

Reported in the decision.

SYMMES & ATKINSON, by HARRISON & PEEPLES, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

A writ of *habeas corpus* was issued by the ordinary of Wayne county, on the petition of Mary A. Moore against S. S. Moore, commanding and requiring him to produce the persons of Mary Ellen, Idel and Shakespear Moore, the children of the petitioner, whom she alleged that he had abducted from her possession without lawful warrant or authority.

In response to this writ S. S. Moore produced the children and made return that he was their father, and that the petitioner, their mother, was not entitled to their custody because of her inability to take care of them, and that she had abandoned them for more than five years, and further, that by reason of her habitual drunkenness she was an unsuitable person to have them under her control.

The ordinary proceeded to hear testimony upon the issues made, and after argument had thereon, awarded the custody of the children to the mother. The father carried the case by *certiorari* to the superior court, and upon the hearing thereof the same was dismissed and he excepted.

The assignments of error are that the ordinary had no jurisdiction of the subject matter set out in the petition for the writ of *habeas corpus*, and that his judgment was contrary to the evidence and contrary to law.

Code, §4009 gives a right to the writ of *habeas corpus* to any person alleging that another, in whom for any cause he is interested, is kept illegally from the custody of the applicant, and the writ may issue to inquire into the legality of such restraint.

§4011 clothes the ordinary of the county, or the judge of the superior court of the circuit, with power to grant the writ, examine into the cause of detention, and exercise such power in connection therewith as the principles of justice may require. The only limitation on the power of the ordinary is that it shall not be exercised in cases of capital felony.

§1793 provides for the custody of children *in cases of divorce* granted by the superior court, and in the exercise of a sound discretion it may make such disposition of them as will best promote their interest.

§1794 makes further provision for the custody of children *in cases of separation* between the parents and the court, upon writ of *habeas corpus*, may exercise a discretion as to their possession, looking solely to their interest and welfare.

The power to issue the writ of *habeas corpus* and to pass upon the petition therefor, and the return thereto, constitutes the person so authorized a court invested with the right to exercise the discretion therein named.

Our judgment, therefore, is that the ordinary had jurisdiction to hear and determine the matters set forth in the petition, and that under the evidence he did not abuse that discretion.

Judgment affirmed.