## WILLIAMS *v.* CROSBY.

1. The duty of the State as parens patriæ, and the jurisdiction of a habeas corpus court, are continuing, and not limited to the date of a divorce.
2. A decree in a divorce suit awarding the child to one of the parents is prima facie evidence of the legal right to its custody, but is not conclusive in habeas corpus proceedings where neglect or mistreatment of the child, or unfitness of the parent arising since the date of the decree, is involved.

Submitted June 12, — Decided July 1, 1903.

Habeas corpus.     Before Judge Carter.     City court of Baxley. April 4, 1903.

*W. W. Bennett,* for plaintiff in error.     *N. J. Holton,* contra.

LAMAR, J.     Ardelia Crosby, the mother, brought habeas corpus proceedings against her former husband, Isham Williams, for the custody of their minor child.     The respondent alleged that since the divorce the mother had remarried, and had kept the child under her care for nine years, during which time she had neglected it, failed to give it an education, refused to allow it to attend church or school, failed to supply it with proper clothing, and forced it to labor in the fields; that the father was both able and willing to maintain and educate the child, and would give bond so to do; that if he was not entitled to the possession, he prayed that the court would award her to the custody of some proper person.     On the hearing the petitioner offered in evidence a copy of the decree in

the divorce suit, awarding the child to the mother. The respondent objected to this evidence, on the ground that it was not accompanied by a transcript of the entire record in the case, "and that such a judgment did not operate as an estoppel in a habeas corpus proceeding."

The decree being offered in evidence to create an estoppel, it was inadmissible except "when accompanied with a complete and duly authenticated copy of the proceedings in which such decree was rendered." *Kerchner* v. *Frazier*, 106 *Ga.* 437. But, having been admitted over objection, the court thereupon struck that part of the respondent's answer which alleged that the mother was not now a proper person for the care of the child, and as to her failure to educate, train, or properly clothe the little girl. In pursuance of this ruling he also excluded all the evidence offered by the respondent to show the neglected condition of the child. This was error. If the pleadings and evidence had related solely to the fitness of the mother, a properly authenticated copy of the divorce proceedings with a decree awarding the child to her would have established her legal right to its control. *Hammond* v. *Hammond*, 90 *Ga.* 527. In that case no change in the status of the parties had taken place between the date of the divorce and the institution of the proceedings for habeas corpus (p. 528); the original record shows that the child was as much under the control of its grandparents as of its mother. There was no contention by the father on the hearing that the child was being neglected, or receiving other than the best of care and attention. It was only six years old, and, when examined by the court, made a remarkable showing as to the excellence of its teaching and training. In *Haire* v. *McCardle*, 107 *Ga.* 775, it was distinctly ruled that the fact that the wife had previously had the child awarded to her in a divorce proceeding did not prevent the court, in a proceeding under the Civil Code, § 2505, from hearing evidence to show that the child was being reared under influences likely to degrade its moral character, or that by reason of neglect of its parent it was necessary for its protection that the parent should be deprived of its custody. With the decree properly or improperly in evidence the respondent's answer should not have been stricken, nor should any evidence have been excluded which tended to show that the child was being neglected or improperly treated. Even in a contest between parents, or by

other persons against the parents, the State is also parens patriæ, and neither the child nor the State is finally concluded by the divorce proceedings.

The decree is a final adjudication as to the status of the parties to the divorce proceedings, but the jurisdiction of a habeas corpus court over the custody of the child is continuing. In the nature of things this must be so. The capacity, ability, or fitness of the party to whom the child was awarded in the divorce proceedings may thereafter become entirely different. The care and protection which the law affords the child is not limited to the date of the decree. Under the Civil Code, §§ 2452–3, the court has jurisdiction at any time to award the custody of the child as its best interests may demand. Ordinarily the child should be committed to the person having the legal right to its control, and on the production of a decree, properly exemplified, awarding the infant to the mother, she would be entitled to a judgment in her favor, unless it was shown by the father, relatives, or friends who had instituted the habeas corpus proceeding, that since the rendition of the decree she had become an unfit person to longer retain the control of the infant, or, by her conduct and neglect of the physical, mental, or moral interests of the child, had forfeited her rights. In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should prevail. If both are proper parties, but neither has a legal right, the one having the strongest moral claim should prevail. But in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But if through misconduct or other circumstances it appears that the case is exceptional, and that the welfare of the child requires that it should be separated even from its parent, the parens patriæ must protect the helpless and the innocent. They are the wards of the court, the hope of the State, and the seed corn of the future. As the court felt that the decree prevented him from entering into the question as to the fitness of the parent or the interest of the child, there must be a new hearing.

*Judgment reversed. By five Justices.*