## DAVIS v. THE STATE.

1. The fact that a witness is jointly indicted with the party on trial does not render it necessary that the judge should instruct the jury on the law in reference to the corroboration of the testimony of accomplices, where there is nothing in the evidence to show that such witness is an accomplice.

2. When a witness was informed that he would not be required to give any answer that would tend to criminate him in reference to a given transaction, and the circumstances were such as to indicate that he appreciated the prejudicial effect that might result from an answer to a given question, the statement in the answer was admissible against him in a subsequent trial, although it tended to connect him with the transaction which was the foundation of the indictment upon which he was being tried.

3. The judge in a criminal case may recall the jury and deliver further instructions upon the law of the case ; and so doing will not be cause for a reversal when the prisoner is present at the time of such instructions, or his absence is not brought about by any act of the court, and when the instructions are legal and pertinent.

4. Those assignments of error on the admission of evidence which are in such form as can properly be considered are without merit.

5. The evidence authorized the verdict. The trial judge was satisfied with it ; and the judgment refusing a new trial will not be interfered with.

Argued March 20,—Decided March 24, 1905.

Indictment for murder. Before Judge Freeman. Heard superior court. January 14, 1905.

*W. H. Daniel* and *W. U. Mooty,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.

COBB, J. Davis and four others were jointly indicted for murder. At the trial the accused elected to sever, and Davis was first tried. He was convicted and sentenced to the penitentiary for life, and complains that the court erred in refusing to grant him a new trial.

1. The judge did not instruct the jury on the law requiring the testimony of an accomplice to be corroborated, and the failure to do so is assigned as error. Three of the parties jointly indicted with the accused were examined as witnesses, but there is nothing in the evidence showing participation by any of them in the criminal act charged against Davis. An instruction, therefore, on the law relating to the testimony of accomplices would have been inappropriate. *Walker* v. *State,* 118 *Ga.* 757. See also, in this connection, *Stone* v. *State,* 118 *Ga.* 705.

2. A witness who was present in the grand-jury room when the accused was being examined as a witness, in an investigation founded upon an indictment against other parties for the homicide involved in the present case, was permitted to testify as to statements of the accused and the manner in which he testified before the grand jury. What was said by him and the way in which he said it were circumstances tending to show that he had some connection with the homicide. It appeared that before the accused was examined by the grand jury he was informed that he would not be required to state anything which tended to criminate him or connect him with the homicide; and what was said afterwards in response to a question was uttered voluntarily by him. We see no error in admitting this testimony. When a witness testifying before any judicial tribunal is notified that he is not expected and will not be required to make any statement tending to criminate him, what is voluntarily said by him thereafter, in response to questions addressed to him, is in no sense privileged, and may be used against him on a subsequent trial. The better practice is, not only to notify a witness that he will not be compelled to testify to anything that will criminate him, but also, when a particular question is asked, to warn him that the answer to such question might have that effect; and especially is this true where the witness belongs to an ignorant class. In the present case, however, there is nothing to indicate that the witness did not fully realize the situation by which he was surrounded and the prejudicial effect that might result from an answer to the question propounded to him.

3. The case was submitted to the jury, and the court took a recess until the following day, subject to the reception of the verdict in the event one was reached during the night. Complaint is made that during the night the court called the jury from their room, gave them further instructions on the law of the case, and withdrew from their consideration evidence as to one matter which had been submitted to them. The assignment of error is not only upon the subject-matter of the instructions, but also upon the fact that the jury were recharged during the recess. It does not appear that this was done in the absence of the accused or his counsel. The judge has a right to recall the jury for further instructions on the law of the case at any time that he

sees proper to do so, provided the prisoner is not deprived of the privilege of being present at the time of such instructions. There was therefore no merit in the assignment of error so far as it related to the time at which the additional instructions were given. Nor was there any error in the instructions so far as they related to abstract questions of law applicable to the case. That portion of the evidence which was by these instructions withdrawn from the jury was such as might have had a prejudicial effect upon the accused, and therefore he can not complain of its withdrawal. See, in this connection, *Cawthon* v. *State*, 119 *Ga*. 395.

4. In three grounds of the motion error is assigned upon the admission of evidence. In the first of these grounds the objection made to the evidence at the time the motion was made to rule it out is not stated, and therefore this ground will not be considered. In the second the evidence objected to was clearly admissible. It referred to a trial in which the accused was interested, and in which the deceased gave testimony prejudicial to the rights of the accused. This was a circumstance, though slight, which might have some bearing on the question as to whether the accused had a motive for slaying the deceased. In the third ground, a witness testified to having sold the accused a knife after the homicide. This evidence was admissible. There was evidence tending to show that the knife of the accused was found at the place of the homicide, and the fact that shortly after the homicide the accused purchased a new knife was a circumstance having some slight bearing on the case.

5. The only question remaining to be considered is whether the evidence was sufficient to authorize the verdict. When the deceased was last seen alive he was plowing in his field on Thursday. On Saturday his body was found suspended to the limb of a tree, a short distance from where his plow-stock was found. The evidence was sufficient to establish that he was struck from the rear at the base of the brain with some blunt instrument, and that the blow was sufficient to produce death ; that his plow-lines were then taken from the horse, tied around his neck, and his body dragged to the tree, from which it was suspended. The corpus delicti was therefore abundantly established. A witness testified that the accused told him that he had killed the deceased

but that no one saw him do it.    There was evidence that a knife belonging to the accused was found near the place of the homicide, and upon the blade were fragments of rope which might have come from the plow-lines with which the deceased was hanged; it appearing that these plow-lines had been cut from the bridle.    There was also evidence that upon the hat of the accused which he wore after the homicide there was a spot of blood, that after this spot had been noticed upon the hat the accused had it washed, and that he gave different reasons at different times for the appearance of this spot upon his hat.    It was also shown that the accused habitually carried a gun, and there was evidence that the blow upon the head of the deceased might have been produced by the butt of a gun.    There were also other circumstances, such as the deceased testifying as a witness against the accused in a civil case, the purchasing of a new knife by the accused after the homicide, his having been seen near the place where the homicide occurred on the day it occurred, his having admitted that some of the tracks near the place of the homicide were his tracks, and some other circumstances which had a slight bearing upon the case.    It will have to be conceded, however, that, independently of the confession, all of the circumstances are not sufficient to establish the guilt of the accused beyond a reasonable doubt.    In connection with the confession and the proof of the corpus delicti the evidence is sufficient, if credible.    The case is peculiar.    A reward was offered, both by the Governor and the county authorities, for the apprehension of the guilty party. The evidence shows that there had been great activity in attempting to bring the perpetrator to justice.    The fact that there was a reward was well known, and those witnesses who appeared to have been particularly active admitted that they knew that the reward had been offered.    There are in the record circumstances calculated to discredit not only the testimony of the witness who swore to the confession, but that of every witness who testified to damaging circumstances.    These circumstances would have amply warranted the jury in disregarding their testimony, but the jury did not see fit to do this.    They have evidently believed these witnesses, and upon them the law casts the duty and responsibility of determining when a witness shall be believed. The judge who tried the case had an opportunity of seeing the

manner of these witnesses. He was in the atmosphere of the case, and is better qualified than we are to determine whether the jury have done properly in refusing to regard these discrediting circumstances with which the record abounds. It seems to us that the judge might have properly exercised the discretion which the law vests in him, and have granted a new trial in the case; but we can not say that his refusal.to do so was an abuse of discretion. The judgment must therefore be

*Affirmed.    All the Justices concur.*