## BARLOW *v.* BARLOW.

1. A decree in a divorce suit, awarding the child to one of the parents, is prima facie evidence of the legal right to its custody, but is not conclusive in habeas-corpus proceedings where circumstances and conditions, or unfitness of the parent, arising since the date of the decree, are involved.

2. The discretion conferred on courts in the determination of habeas-corpus proceedings on account of the detention of a child is applicable to all courts authorized to grant the writ, including the ordinary.

3. There was no abuse of discretion in refusing to award the custody of the child to the father, under the evidence.

APRIL 17, 1914.

BARLOW v. BARLOW.

Habeas corpus. Before Judge Littlejohn. Stewart superior court: November 18, 1913.

*T. T. James, Burton Smith,* and *Little, Powell, Hooper & Goldstein,* for plaintiff in error.

*G. Y. Harrell, J. B. Hudson,* and *Moore & Pomeroy,* contra.

Evans, P. J. J. E. Barlow sued out a writ of habeas corpus, before the ordinary of Stewart county, against Edith P. Barlow, alleging that she was illegally detaining Madeline, their minor daughter, that he had been divorced from the respondent, and that in the decree the custody of his daughter was awarded to him. The respondent in her answer admitted that the possession of Madeline was given to the plaintiff under the divorce decree, but set up that the decree contained a provision allowing the child to visit her at proper intervals; that the plaintiff declared his purpose not to comply with the decree in this respect; that he had violated the decree and taken the child to a foreign country, where she was not given proper training or surrounded by good influences; and that he is not a fit person to be intrusted with her custody. It appeared that after the decree the plaintiff married again, and the child and stepmother were visiting at Lumpkin, to which place the respondent, the mother, went upon receiving information that her daughter was there. At the time of the issuing of the writ of habeas corpus the child was with her mother at the home of a friend in the town of Lumpkin. After hearing evidence the ordinary awarded the child to the possession of the mother. On writ of certiorari to the superior court, the judgment of the ordinary was sustained. The writ of error is to the judgment of the superior court.

The ordinary is given jurisdiction to grant the writ of habeas corpus in all cases except those of capital felonies, or where a person is held for extradition under warrant of the Governor. Penal Code (1910), § 1293. In cases of separation of parents, or the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare. Civil Code (1910), § 3022. These two sections have been construed together, as giving jurisdiction to the ordinary to issue the writ of habeas corpus and to determine the right of custody of children whose parents are living separately; and it has been held that his discretion exercised

in the premises would not, unless abused, be disturbed by the reviewing court. *Moore* v. *Moore*, 66 *Ga.* 336. Ordinarily the basis of the issuance of the writ of habeas corpus is an illegal detention; but in the case of the writ of habeas corpus sued out for the detention of a wife or child, the law is not so much concerned about the illegality of the detention as the welfare of the wife or child. The statute declares that "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise its discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Civil Code (1910), § 2972. The statute is plain that the court hearing the habeas-corpus proceeding is the court invested with the power and discretion therein conferred, whether the judge be the ordinary or other official lawfully authorized to issue the writ and try the issues made by the return.

The point is made that the ordinary on the hearing of a habeas-corpus case involving the possession of a child awarded to one of the parents in a divorce decree is without jurisdiction to change that possession, except under the Civil Code (1910), § 3024,—in cases where the child is begging, or suffering from abandonment, or is being reared in immoral influences. We will dispose of this section by saying that its provisions were intended to cover cases necessary for the protection of children from suffering and degradation, and to empower the ordinary on the application of any one, in a proper case, to commit the child to a charitable institution or to appoint a proper guardian, as in cases of disorderly or pauper children; and that it has no application to cases like the one before us. The same argument against the jurisdiction of the ordinary in cases of this character will apply to every other judicial officer empowered to try a habeas-corpus case, except the judge of the superior court. Its fallacy lies in the assumption that a recognition of the power of the ordinary in this regard is to admit his jurisdiction to alter and amend a decree of the superior court. Of course a judgment by the superior court can not be amended by the ordinary; and if the pleading and evidence had related solely to the right and fitness of the father, a properly authenticated copy of the divorce proceedings with a decree awarding the child to him would have established his legal right to its control. *Hammond* v. *Ham-*

*mond,* 90 *Ga.* 527 (16 S. E. 265). The case just cited, and upon which so much reliance is placed by the plaintiff in error, was decided upon a narrow question of pleading, as indicated by a statement of the points decided, and the reason given therefor in the opinion, "that in an application for habeas corpus there must be 'a distinct averment of the alleged illegality in the restraint or other reason why the writ of habeas corpus is sought.'" The code sections to which we have referred are not even mentioned by the learned Chief Justice in his opinion; and his concurrence in the opinion of Mr. Justice Lamar in *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282), clearly indicates that the construction placed on his opinion by counsel for the plaintiff in error was never intended by him. The case last cited was a habeas-corpus proceeding before the ordinary over the custody of a child of the contending parties, who had been divorced. The divorce decree awarded the possession of the child to the mother. It was contended that the decree was conclusive as to her right to the custody of the child; but the court held that such decree was only prima facie evidence of the legal right to its custody, and was not conclusive in habeas-corpus proceedings for causes arising since the date of the decree. The court said: "The decree is a final adjudication as to the status of the parties to the divorce proceedings, but the jurisdiction of a habeas-corpus court over the custody of the child is continuing. In the nature of things this must be so. The capacity, ability, or fitness of the party to whom the child was awarded in the divorce proceedings may thereafter become entirely different. The care and protection which the law affords the child is not limited to the date of the decree." We regard this holding as correctly interpreting the law upon this point.

The decree of divorce between plaintiff and respondent was entered on April 15, 1912. It contained this provision: "It is further ordered and decreed that the child of said marriage, Madeline Barlow, be awarded to the custody of the plaintiff in said case [the father]. It is further ordered and decreed that the defendant, Edith P. Barlow, shall have the right from time to time to see said child, and during the minority of said child it shall from time to time be permitted to visit her mother, and her mother shall have the right to have such visits at reasonable intervals and durations." At this time the child was in charge of her mother, who surrendered

possession in accordance with the decree. About a month after the decree the plaintiff married again, the wife of this marriage having two children by a former husband. The plaintiff took up his residence in Cuba, carrying Madeline with him. In July, 1913, the plaintiff's wife came on a visit to Lumpkin, Stewart county, bringing Madeline with her, and stopped at a hotel. The respondent, on hearing that her daughter was at Lumpkin, went to that town and stopped at the same hotel. At the mother's request the plaintiff's wife sent a cable message to him, expressing the mother's wish to have her daughter accompany her to her home at Atlanta for a visit. The plaintiff replied, directing his wife to bring Madeline to their home in Cuba. The mother took the child and repaired to the home of a friend. The plaintiff's wife, in his behalf and name, sued out the writ of habeas corpus. There was evidence tending to show, that, shortly after the rendition of the divorce decree, the plaintiff emphatically expressed his determination to disregard that provision in it about the mother's privilege of visits from her daughter; that he carried his daughter with him to Cuba, and while she was with him in Cuba the mother wrote him a letter requesting a visit from the child, and that she received no reply; that the plaintiff is a man of coarse manners, and, since the decree, has been addicted to the use of profane expressions in the presence of ladies. The child testified, that during the fifteen months she was in Cuba she attended Sunday school twice and church once; that her father and stepmother do not attend church, nor do they permit her to go; that her father curses in her presence; that he treats her well and that she loves him; that she loves her mother and wishes to live with her; that her father would not permit her to write to her mother, though often requested. There was evidence that the respondent is a woman of most excellent character, and amply able to educate and maintain her daughter. The father was engaged in the business of promoting enterprises, and was reputed as having a considerable interest in certain real-estate transactions which were then pending, but whether as owner or broker did not appear.

In his judgment sustaining that of the ordinary the court said: "After consideration of the pleadings and all the testimony in the case, both touching the treatment by and fitness of the father, J. E. Barlow, to retain the custody of the child, Madeline Barlow, to-

gether with the uncontroverted testimony of the declared purpose of the father to spirit the child beyond the jurisdiction of any of the courts of this country, and never comply with that part of the decree requiring that the child should see and visit its mother, I am of the opinion the ordinary did not abuse his discretion or err in declining to award, under this habeas-corpus proceeding, the possession of the child to the father, and by his order leaving the custody of the child with the mother." We agree with his honor the trial judge. *Judgment affirmed. All the Justices concur.*