FORTSON *v.* FORTSON.

No. 15212. OCTOBER 5, 1945. REHEARING DENIED NOVEMBER 19, 1945.

*Winfield P. Jones,* for plaintiff. *J. C. Murphy,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) Art. 6, sec. 4, par. 1 of the Constitution (Code, § 2-3201) provides: "The superior courts shall have exclusive jurisdiction in cases of divorce: in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary, in cases respecting titles to land, and equity cases." It is clear that judges of the superior courts in this State have exclusive jurisdiction in all cases of divorce under the above paragraph of the constitution. It is equally clear that the paragraph above cited makes no reference to the custody of minor children in such divorce cases. Section 30-127 of the Code confers upon the judges of the superior courts the right to fix the custody of the minor children "in all cases of divorce granted." Section 30-206 provides that the judge may hear and determine who shall be entitled to the care and custody of the children pending the litigation. Prior to the act of 1913 (Ga. L. 1913, p. 110), now section 74-107 of the Code, there was a prima facie right in the father for the possession of minor children. In the act of 1913 (§ 74-107) it is provided that, in all cases where the custody of minor children is involved between parents, there shall be no prima facie right of custody in the father, and that the court may exercise its sound discretion and determine solely what is the best interest of the child or children and what will best promote their welfare and happiness. The Supreme Court in a number of cases has cited the above sections of the Code as the basis for the jurisdiction of a judge of the superior court to decree the custody of minor children in divorce cases. See *Duke* v. *Duke,* 181 *Ga.* 21 (181 S. E. 161); *Shipps* v. *Shipps,* 186 *Ga.* 494 (198 S. E. 230); *Loggins* v. *Loggins,* 191 *Ga.* 780 (14 S. E. 2d, 91); *Kniepkamp* v. *Richards,* 192 *Ga.* 509, 517 (16 S. E. 2d, 24); *Moody* v. *Moody,* 193 *Ga.* 700 (19 S. E. 2d, 504); *Fortson* v. *Fortson,* 195 *Ga.* 750 (supra); *Ponder* v. *Ponder,* 198 *Ga.* 781 (2) (32 S. E. 2d, 801).

The jurisdiction of a judge of the superior court in such an instance, however, is not exclusive as to a future determination on material conditions and circumstances, substantially affecting the interest and welfare of the minor children, arising after the date

of the award in such decree. In *Williams* v. *Crosby,* 118 *Ga.* 298 (45 S. E. 282), it was held: "The decree is a final adjudication as to the status of the parties to the divorce proceedings, but the jurisdiction of a habeas corpus court over the custody of the child is continuing. In the nature of things this must be so. The capacity, ability, or fitness of the party to whom the child was awarded in the divorce proceedings may thereafter become entirely different. The care and protection which the law affords the child is not limited to the date of the decree." In the case of *Haire* v. *McCardle,* 107 *Ga.* 775 (33 S. E. 683), the plaintiff, in a divorce granted her, was awarded custody of the children. The decree allowed the father to visit the children, but the mother preferred to send them to visit the father. On one such visit the father refused to return them. The mother sued out a writ of habeas corpus in the court of ordinary to obtain possession of the children. On the trial before the ordinary, the father sought to amend his response by alleging that they were being reared by their mother under immoral, obscene, and indecent influences likely to degrade their moral characters and devote them to vicious lives. The ordinary refused to allow the amendment. On certiorari this judgment was reversed by the superior court, and the judgment of the superior court was affirmed by this court. On the issue presented it was held: "On the trial of a habeas corpus suit by the wife against her husband for the custody of minor children under the age of twelve, it was error for the court to reject an amendment offered by the defendant to his answer, charging in effect that the minor children sued for were being reared by the mother under immoral, obscene, and indecent influences, likely to degrade their moral characters and devote them to vicious lives, notwithstanding the fact that the wife had previously recovered in a suit for divorce a judgment or decree of the court awarding her the possession of these children." In the case of *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683), the ordinary on a writ of habeas corpus awarded custody to the mother under evidence of a substantial change in conditions and circumstances affecting the welfare of the children, arising after the decree of the superior court in divorce proceedings awarding custody to the father. It was held in the *Barlow* case: "A

decree in a divorce suit, awarding the child to one of the parents, is prima facie evidence of the legal right to its custody, but is not conclusive in habeas-corpus proceedings where circumstances and conditions, or unfitness of the parent, arising since the date of the decree, are involved. . . The discretion conferred on courts in the determination of habeas-corpus proceedings on account of the detention of a child is applicable to all courts authorized to grant the writ, including the ordinary." In *Brandon* v. *Brandon,* 154 *Ga.* 661, 666 (115 S. E. 115), where there had been a petition for a writ of habeas corpus in the City Court of Tifton, it was held: "A decree in a divorce suit, granted by a court having jurisdiction of the subject-matter and of the parties, and awarding the custody of a child to one parent, is at best but prima facie evidence of the legal right to the child's custody; but is not conclusive in habeas corpus proceedings where neglect or mistreatment of the child, or unfitness of the parent since the date of the decree, is involved. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683); *Milner* v. *Gatlin,* 143 *Ga.* 816 (85 S. E. 1045, L. R. A. 1916B, 977); *Gillens* v. *Gillens,* 148 *Ga.* 631 (97 S. E. 669)."

In view of the above authorities, it can not be said that a judge of the superior court, by awarding the custody of minor children in a decree of divorce, acquires exclusive jurisdiction as to their future custody, under the provisions of art. 6, sec. 4, par. 1 of the Constitution and § 30-127 of the Code. The interest and welfare of the minor children being the paramount issue, "even in a contest between parents, or by other persons against the parents, the State is also parens patriae, and neither the child nor the State is finally concluded by the divorce proceedings." *Williams* v. *Crosby,* 118 *Ga.* 296 (supra.)

It is asserted that the act of 1915 (Ga. L. 1915, pp. 35-37; Code, §§ 24-2402—24-2440) contravenes art. 3, sec. 7, par. 17 of the Constitution, in that such act modifies and repeals the Code, § 30-127. Neither in the caption of the act of 1915, nor in the body thereof, is there any direct reference to section 30-127. If it could be said that the act of 1915, creating the juvenile court, in any way modifies or repeals section 30-127, it is by implication only, and it is a well-settled principle that repeals by implication

do not come within the provisions of art. 3, sec. 7, par. 17 of the Constitution. In *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109), this court held: "It is now well settled that an act which does not purport to amend or repeal any particular law or section of the Code is not within par. 17 of sec. 7 of art. 3 of the Constitution of this State, which declares that 'No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made.' Civil Code (1910), § 6445. Repeals by implication do not fall within the inhibition of this provision of the Constitution. *Peed* v. *McCrary,* 94 *Ga.* 487 (2) (21 S. E. 232); *Johnson* v. *Southern Mutual &c. Association,* 97 *Ga.* 622 (25 S. E. 358); *Swift* v. *Van Dyke,* 98 *Ga.* 725, 727 (26 S. E. 59); *Collins* v. *Russell,* 107 *Ga.* 423, 426 (33 S. E. 444); *Nolan* v. *Central Georgia Power Co.,* 134 *Ga.* 201 (67 S. E. 656); *Walthour* v. *Atlanta,* 157 *Ga.* 24 (120 S. E. 613)."

Repeals by implication not being within the inhibition of art. 3, sec. 7, par. 17 of the Constitution, and, as stated, there being no direct reference in the act of 1915 creating the juvenile court, to the Code, § 30-127, the assertion that such act modifies and repeals section 30-127, in violation of such paragraph of the Constitution, is without merit.

*Judgment affirmed. All the Justices concur.*