FENNELL *v.* FENNELL.

No. 18209. Submitted May 11, 1953—Decided June 9, 1953.

816

*Peebles & Burnside* and *Samuel E. Tyson,* for plaintiff in error.

*Killebrew & McGahee,* contra.

HEAD, Justice. A judgment awarding custody of minor children of the parties in a divorce action is conclusive on the facts as they then exist; and unless there is a change in circumstances

substantially affecting the welfare of the minor children since the date of the former decree, the court can not modify or change the decree so as to change the status as to custody. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433); *Milner* v. *Gatlin,* 143 *Ga.* 816 (85 S. E. 1045); *Gillens* v. *Gillens,* 148 *Ga.* 631 (97 S. E. 669); *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129); *Jordan* v. *Jordan,* 195 *Ga.* 771 (25 S. E. 2d, 500); *Fortson* v. *Fortson,* 200 *Ga.* 116 (35 S. E. 2d, 896); *Handley* v. *Handley,* 204 *Ga.* 57 (48 S. E. 2d, 827).

Two facts appear from the evidence, since the award of custody in the divorce case, that might be asserted by the father of the child as amounting to a change in circumstances materially affecting the welfare of the child. The first of these is his marriage to a woman with two children in her custody. This court has held that remarriage alone of one of the parties is not such a change of circumstances affecting the welfare of the child as will justify a change in custody. *Watson* v. *Padgett,* 202 *Ga.* 606 (44 S. E. 2d, 232).

The other fact revealed by the evidence, temporary residence by the child with its mother's parents in Alabama, could not possibly excuse the father in his deliberate refusal to support the child. The decree in the divorce case did not limit the mother's custody in any particular, but if it might be assumed that she was in any respect derelict in her duty toward the child, such fact would not authorize a decree by the court wherein the father might, in effect, dictate the terms under which he would comply with the requirement of the law that he support his child.

There was no testimony to show any change in the mother's status since the decree awarding her custody of the child. The husband's testimony that, at the request of the child's mother, he had pulled the grandfather "out of dives in a drunken condition in Augusta, Georgia," obviously purports to relate to a time when the parties were living together as husband and wife, and this testimony, if credible, related to matters prior to the decree. The husband testified that the home of the mother's parents in Alabama was one of "unwholesome surroundings." He did not testify that he had visited their home, or to any fact

tending to show any unfitness or misconduct of the grandfather since custody was awarded to the mother. There was no evidence in contradiction of the mother's testimony that her father was an active member of the Baptist Church, and that the child attended Sunday school and church services regularly.

Where there are conflicts in the testimony on essential facts, the trial judge may exercise a sound discretion in fixing the custody of minor children. *Atkinson* v. *Atkinson,* 160 *Ga.* 480 (128 S. E. 765); *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514); *Madison* v. *Montgomery,* 206 *Ga.* 199 (56 S. E. 2d, 292). The record in this case is without any competent evidence to sustain the judgment finding that the father was not in contempt for failure to pay the amounts fixed by the divorce and alimony decree for the support of his child, or that there had been such change of circumstances materially affecting the welfare of the child that custody should be awarded to the father.

The authority of the Man of Galilee to say to one charged with violating the moral law, "Go, and sin no more" (John 8:11), has not been successfully challenged by His enemies in 1900 years. Our law does not vest a similar discretion or authority in our trial judges. In all instances where the trial judge may exercise a discretion, it must be based on competent evidence.

The evidence in this case did not call for an exercise of discretion, but demanded a judgment contrary to that rendered.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents, and Atkinson, P. J., not participating.*