## 31577. BACKES v. BACKES.

NICHOLS, Chief Justice.

This is an appeal in a habeas corpus action ordering custody of the minor children of appellant to be turned over to his former wife. The appellant is a member of the armed forces, and at the time the divorce action was filed in Oregon, he was stationed in Alabama. He filed a plea to the jurisdiction in the Oregon divorce action contending he had changed his domicile to Alabama. The Oregon court overruled appellant's plea to the jurisdiction and entered a divorce decree for the wife. The court also awarded custody of the couple's two children to her. The children were physically in the custody of appellant in Alabama at the time the decree was entered. The former wife then came to Georgia where appellant is now stationed and filed a complaint in the nature of habeas corpus to obtain custody of the children. The trial court found that the Oregon divorce and custody decree was entitled to full faith and credit and, after hearing evidence on the custody issue, awarded custody of the children to the mother. The appellant excepts to the trial court's finding that the Oregon court had jurisdiction to make a valid custody award and in changing the custody status of the children.

Even if the trial court found in favor of appellant on every issue contended for as far as the Oregon decree was concerned, it would still be required to have a custody hearing and enter an award of custody to one of the parties. The trial court held a hearing and found that the best interest and welfare of the children would be served by vesting custody in the mother.

In *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974), this court held: "[I]f there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal."

The evidence adduced on the hearing of this case authorized the finding of the trial court and the award of custody of the children to the mother will not be disturbed.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 2, 1976 —
REHEARING DENIED NOVEMBER 23, 1976.

*Falkenstrom & Patrick, James D. Patrick,* for appellant.

*Owens, Littlejohn, Gower & Pugh, Neal B. Littlejohn,* for appellee.

HILL, Justice, concurring in the judgment only.

I concur in the judgment of the court on the ground that the Oregon decree was entitled to full faith and credit. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53) (1976).