Beasley, Judge,
concurring specially.
I agree totally with the opinion except that I am puzzled by the discussion of constitutional issues in Division 1. Appellant’s enumeration and brief do not raise any, although appellee responds as though there were and challenges the proper raising, with correct principles of law. But appellant does not assert that the involved statutes (OCGA §§ 15-11-5 (c) and 15-11-6 (b)), either alone or together, contravene the state constitution. Nor does she assert that the superior court acted in an unconstitutional manner in transferring the custody question to the juvenile court. As I read0 her argument, it is that OCGA § 15-11-5 (c) does not give concurrent jurisdiction of custody to both courts when custody arises “out of the context of a divorce” but only in other types of cases, such as habeas corpus. The reason, *369 says appellant, is that the constitution gives exclusive jurisdiction to the superior courts “in divorce cases,” so the transfer as to custody would be authorized only in other contexts. Thus, the argument is only one of statutory construction, governed by an application of her understanding of the scope of the constitutional provision. The upshot is that her construction is erroneous because the constitutional provision has been judicially determined to be more limited than she would have it. It grants exclusive jurisdiction to the superior court only in the divorce itself. Wilbanks v. Wilbanks, 220 Ga. 665 (1) (141 SE2d 161) (1965); Fortson v. Fortson, 200 Ga. 116 (35 SE2d 896) (1945).[1] The ancillary matters, of which custody is one, are not so embraced. Consequently, the statutory procedure is applicable to child custody, even if it arises in a divorce action; it is not carved out from OCGA § 15-11-6 (b) by the jurisdictional provision contained in the constitution. The appellant’s enumeration of error, and an analysis of it without the irrelevant weaponry supplied by appellee on the basis of a mischaracterization of it, raises no constitutional issues. As the court has correctly concluded, appellant simply misconstrues the law.
Decided July 9, 1985.
H. Gilman Hudnall, John J. McManus, for appellant.
M. T. Simmons, Jr., James E. Spence, Jr., for appellee.

 Although the 1945 Constitution, Art. VI, Sec. IV, Par. I referred to “in cases of divorce,” and the 1983 Constitution, Art. VI, Sec. IV, Par. I refers to “in divorce cases,” there would seem to be no distinction for the purpose of the application here.