## JACKSON *v.* ANGLIN *et al.*

No. 13988. APRIL 15, 1942.

*Winfield P. Jones* and *W. F. Brandt,* for plaintiff in error. *Carlton W. Binns,* contra.

JENKINS, Justice. The Court of Appeals certified to this court the following question: "Where one filed in a juvenile court a petition alleging that a named child was under insufficient guardianship, and the judge of the juvenile court passed an order awarding the custody of the child to the petitioner until further order of the court, stating therein that the child was in a state of neglect and under insufficient guardianship and that the welfare of the child could best be conserved by awarding her custody to the petitioner, but not stating that the juvenile court took permanent custody of the child for the purpose of permanently placing it, or for any other purpose, is such an order of the judge effective to give to the juvenile court the permanent custody of the child for per-

manent placing, and exclusive authority to consent to the adoption of the child on the petition of a person seeking to adopt the child?"

In answering questions certified by the Court of Appeals this court will confine itself to the precise point involved in the question propounded. *Hodges* v. *Seaboard Loan & Savings Association,* 188 *Ga.* 410, 412 (3 S. E. 2d, 677), and cit.

The question propounded does not involve a situation where there has been a permanent surrender by the parents to the juvenile court of the custody of the child for permanent placing by the court in a foster home, as was true in *Criswell* v. *Jones,* 60 *Ga. App.* 81 (4) (3 S. E. 2d, 115). Accordingly, the answer to the question as actually propounded by the Court of Appeals must be in the negative. Under the terms of the question, the order of the juvenile court amounted to no more than an adjudication that the child as a ward of the State was in need of and entitled to the protection of the court (Code, § 24-2410), and by the order provision was made for its care and custody by placing it with a named individual until the further order of the court. §§ 24-2408 et seq. The child not having been awarded by the juvenile court to any of the child-placing institutions which are recognized by the provisions of chapter 35-5 or chapter 99-2 of the Code, and the parents not having surrendered their custody of the child to the court for permanent placing of the child by the court in a foster home, it follows that, irrespective of whether the court did or did not have the power under the law as it existed before the act of March 27, 1941, amending the adoption laws set forth in the Code, chapter 74-4 (Ga. L. 1941, p. 300, 301, 310; Code Supp. §§ 74-401 et seq.), to award unto itself the permanent custody of the child, it not having done so, the effect of its order in placing the child with a named individual until the further order of the court did not deprive the parents of all parental rights in the child. Accordingly, the right of notice in an adoption proceeding, required under the Code, §§ 74-402 et seq., as the provisions of those sections existed before their amendment by the act of March 27, 1941, supra, was not lost to the parents. This right of notice under the then existing law ordinarily was lost to the parents only when the child had been previously "awarded by court order, or otherwise legally and permanently surrendered, to the custody of a licensed child-placing agency for permanent placing in a foster home." § 74-403.                    *All the Justices concur.*