Where one filed in a juvenile court a petition alleging that a child was under insufficient guardianship, and the judge of the juvenile court passed an order awarding the custody of the child to the petitioner until further order of the court, stating therein that the child was in a state of neglect and under insufficient guardianship, and that the welfare of the child could best be conserved by awarding her custody to the petitioner, but not stating that the juvenile court took permanent custody of the child for the purpose of permanently placing it, or for any other purpose, the order of the judge of the juvenile court did not give to the juvenile court the permanent custody of the child for permanent placing and did not give to the juvenile court the exclusive authority to consent to the adoption of the child. The court erred in overruling a demurrer to the petition for adoption the ground of which was that the petition did not allege consent of the parents or any fact dispensing with it.
 DECIDED MAY 6, 1942.
H. G. Anglin and Mrs. Mary E. Anglin petitioned for the adoption of Dolores Mae Jackson, alleging that the consent of the child's parents was not attached because petitioners had filed a petition in the juvenile court of Fulton County, alleging that the child was in a state of neglect and under insufficient guardianship, *Page 321 
and that the judge of the juvenile court passed the following order. "A hearing being had, and it appearing that this child is in a state of neglect and under insufficient guardianship as charged in the petition, and it further appearing that the welfare of said child can best be conserved by awarding her custody to petitioner, Mrs. Mary E. Anglin, it is therefore ordered and adjudged that the custody of Dolores Jackson be and is hereby awarded to Mrs. Mary E. Anglin, until further order of the court." Attached to and made a part of the petition for adoption was the consent to the adoption by petitioners of the judge of the juvenile court, in which it was stated that on the hearing of the petition to the juvenile court showing the insufficiency of the guardianship of the child "the court took legal custody of the child from its parents." Walter M. Jackson, father of the child, filed demurrers to the petition for adoption, one of which was on the ground that the petition failed to allege sufficient facts to show the consent of the objector or any reason for dispensing with his consent. The court overruled the demurrer, and Mr. Jackson excepted.
The only question in this case of importance was decided by the Supreme Court in answer to a certified question.Jackson v. Anglin, 193 Ga. 737 (19 S.E.2d 914), to which reference is made. Further discussion on the subject is not required. The only other matter to be dealt with is the effect of the statement of the judge of the juvenile court, in his order consenting to the adoption, to the effect that in the hearing on the sufficiency of guardianship the court took legal custody of the child from its parents. Since the juvenile court did not, by the provisions of its first order, take permanent legal custody of the child from its parents for the purpose of permanently placing it, the judge's subsequent interpretation to that effect was ineffective to give it such an effect. The court erred in overruling the demurrer herein dealt with.
Judgment reversed. Stephens, P. J., and Sutton, J., concur. *Page 322