39250. HOLBROOK *et al.* v. RODGERS.

DECIDED JANUARY 19, 1962.

*Claude Hambrick,* for plaintiffs in error.

*Holliman & Adams, John E. Holliman, Dickson Adams,* contra.

EBERHARDT, Judge. 1. In her sworn answer and objection the mother stated that she "was divorced from the father of said child." At the hearing, the mother testified that she was never divorced from the father of the child because he had a living wife at the time of their supposed marriage.

This "false swearing" is the basis for petitioners' contention that the court should not have considered any of the mother's testimony under the admonition of *Code* § 38-1806, where it is provided in pertinent part that ". . . if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." This stringent rule has been modified somewhat in that what is falsely sworn to must be material. Green, Georgia Law of Evidence (1957) § 133, p. 330 (n. 14).

The mother contends that there is no proper assignment of error on this point; that the false swearing was not as to a material matter; and, that the false swearing was not "wilfully and knowingly" done. Even assuming that the petitioners could successfully show all of the above, the plain language of the statute is that the entire testimony of the witness is not to be disregarded if "corroborated by circumstances or other unimpeached evidence." And see under *Code* § 38-1806 catchword "Corroboration."

Was there corroborating unimpeached evidence here on the primary issue of the intent of the mother to abandon the child? The admitted fact of the mother having left the child in the custody of another for some two and one-half years is not sufficient in itself to constitute abandonment. *Johnson v. Strickland,* 88 Ga. App. 281 (76 SE2d 533). There was unimpeached evidence by three ministers corroborating the mother's testimony, especially testimony that the placement in the Methodist Children's Home was temporary in that the mother hoped

to be able to reclaim her children (there were five in all) and that petitioners' attorney had prepared a consent for adoption which the administration of the Home had unsuccessfully attempted to have the mother sign. This evidence is sufficient to eliminate the prohibition contained in *Code* § 38-1806. The case is then for the court, which has the same right to test the credibility of witnesses as the jury. *Goggans v. State*, 14 Ga. App. 822 (2) (82 SE 357); *Boynton v. State*, 11 Ga. App. 268 (75 SE 9).

2. Petitioners' other contention concerns the general grounds, which amounts to an assignment of error that the evidence demanded a verdict for petitioners. As can be seen from the discussion above, there is sufficient evidence to support the finding that there was no abandonment by the mother, even if the testimony of the mother be entirely disregarded. There is no merit in the general grounds.

*Judgment affirmed. Carlisle, P. J., and Custer, J., concur.*