### 29487. MOSS v. MOSS.

INGRAM, Justice.

This case is on appeal from a final order of the Juvenile Court of Newton County severing parental

rights to minor children who were alleged to be deprived and whose custody was awarded to the Georgia Department of Human Resources, Division of Family and Children Services, for placement for adoption. Since this custody controversy involves *allegedly* deprived children and the severance of parental rights by the juvenile court, we believe that appellate jurisdiction in the case is vested in the Court of Appeals.

The case began with a petition filed in the Juvenile Court of Newton County by a representative of the Division of Family and Children Services of the Department of Human Resources, alleging that Mary Kaye Moss and Roger Franklin Moss were deprived children because their custody had been awarded to the Department for adoption purposes and that this petition was brought to enforce the prior order.

Summons and process were then directed to the parents, Mr. Joseph P. Moss and Mrs. Sara Bell Wright Moss, notifying them to appear in the Juvenile Court to respond to the petition. The superior court judge appointed a lawyer in Covington to serve as "Temporary Referee of the Juvenile Court of Newton County" to hear the case because of the disqualification of the regular juvenile court referee.

The appointed referee entered an order in the juvenile court dated June 28, 1974, reciting that "after hearing evidence from both parties and other witnesses" it was the order of the juvenile court that the parental rights of the parents be severed and that the two children be placed with the Department of Human Resources for the purpose of adoption. The superior court judge subsequently approved the juvenile court order and it was entered on the juvenile court docket. The notice of appeal is from this order and it was directed to the Court of Appeals and transferred by that court to this court.

The Court of Appeals cited *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484), in a memorandum transferring the case to this court. *Robinson* was an action in the nature of habeas corpus in the superior court seeking custody of a minor by a mother after custody had been awarded to paternal grandparents when the mother was divorced from the father. The superior court transferred

the case to the juvenile court under Code Ann. § 24A-301 (c). The juvenile court ruled in favor of the grandparents and the mother appealed to this court. The decision in this court held it was proper for the superior court to transfer the case to the juvenile court to decide the custody issue and then ruled on the merits of the case.

In *In re J. R. T.*, 233 Ga. 204, 205 (210 SE2d 684), decided after the *Robinson* case, this court said: "[t]he juvenile court does have original jurisdiction in a custody controversy involving a delinquent child, an unruly child, or a deprived child, and appellate jurisdiction in such cases is vested in the Court of Appeals. However, in a custody controversy in the nature of habeas corpus, the juvenile court has concurrent jurisdiction to decide the issue only if the case is transferred to the juvenile court by proper order of the superior court; and, in such a transferred case, appellate jurisdiction is lodged in the Supreme Court of Georgia." (Emphasis supplied.)

Therefore, custody controversies involving delinquent children, unruly children or deprived children are not cases "in the nature of habeas corpus" and are not within the appellate jurisdiction of the Supreme Court as provided in Code Ann. § 2-3704.

A proceeding for termination of parental rights is a custody controversy involving a deprived child. See Code Ann. § 24A-3201 (a) (2). See, also, Code Ann. § 24A-301 (a) (2) (C). We conclude that appellate jurisdiction of this case is vested in the Court of Appeals and return the case to that court by this opinion for clarification of this jurisdictional issue.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED DECEMBER 20, 1974 — DECIDED FEBRUARY 12, 1975.

*Crudup & Howell, John P. Howell,* for appellant.
*Arthur K. Bolton, Attorney General, Dorothy Y. Kirkley, Assistant Attorney General,* amicus curiae.