## 50557. OWENS v. DeLOACH et al.

DEEN, Presiding Judge.

"Where the authority of the court to proceed with [an] adoption is dependent on the existence of consent by the living parent or parents or on a showing of the abandonment of the child by such parent or parents, the evidence of consent or of abandonment must be legally sufficient to authorize a finding of fact by the court that the consent has been given or that the parent has abandoned the child." *Johnson v. Strickland,* 88 Ga. App. 281, 284 (76 SE2d 533), and see Code Ann. § 74-403 (1), (2). In *Johnson* the children's mother had been dead for some nine years during which time the maternal grandparents had, except for an interval of less than two years, reared them, the father furnishing no support and having little contact with them; nevertheless, this court held that the trial court should have dismissed the adoption proceedings on the father's objection and that as a matter of law no intent to abandon was shown. Leaving the child in the custody of another and failing to furnish necessaries for nine years was again held not abandonment in *Brazell v. Anderson,* 113 Ga. App. 15 (146 SE2d 921). The same result obtained in *Wheeler v. Little,* 113 Ga. App. 106 (147 SE2d 352), with the additional factor that the brother of the objecting father had not only raised and supported the infant for eight years but had successfully defended a prior habeas corpus action by the parent in which the final judgment abrogated the natural father's parental control and made a custody award to the petitioner. See also *Holbrook v. Rodgers,* 105 Ga. App. 219 (124 SE2d 443). These decisions stem from *Glendinning v. McComas,* 188 Ga. 345 (3 SE2d 562), holding that where the adoption statutes apply to sever the parental relation permanently they must be strictly construed against the applicant. In that case there had been a divorce, custody awarded to the mother, and a failure to support on the part of the father who lived outside the then limits of the United States.

In the present case it appears that the sixteen-year-old defendant had a child on March 9, 1974; on May 31 she left it with her sister-in-law saying that she was

going to a nearby town and would pick him up later in the day. She did not return. The petition for adoption was filed 39 days later. In the meantime the infant's parents divorced; the mother agreed to place custody of the child with the father. The father was awarded permanent custody in the divorce decree, and in writing gave his consent to the adoption. There was disputed evidence as to whether the mother had stated that she did not want the baby, that it was an aggravation, and whether she had, through the father seen or attempted to see it between the time of leaving it and the filing of the petition.

Under the authorities above cited, the evidence does not present the clear and certain proof of abandonment demanded by the law. Custody, of course, remains as before, but the parental rights should not be terminated on the record made here. The trial court erred in holding that because of her abandonment of the child the mother's consent to the adoption was unnecessary.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 29, 1975 — DECIDED MAY 12, 1975.

*Michael P. Froman, John L. Cromartie, Jr.,* for appellant.
*Daniel H. White,* for appellees.