51689. CAREY et al. v. PHILLIPS et al.

PANNELL, Presiding Judge.

This is an appeal by the objecting parties from an order permitting the adoption of three grandchildren by the paternal grandparents. The father gave his consent. The mother did not, but she and a Mr. and Mrs. Epps, operators of "Maranatha Children's Home, Inc.," where the children were living at the time, and with whom the mother and the father had contracted for the children's care for three years, objected to the adoption. The judge's order reads as follows:

"The above matter came on for hearing before the Court, and the Court heard testimony under oath of the parties, and other witnesses, including Mr. and Mrs. Paul Epps, who object to the Court's issuing a Final Decree

of Adoption.

"The Court finds that Hubert L. Phillips and Lucille Collins Phillips are well capable, morally fit, and financially able to adopt the three above named children, they being the grandfather and stepgrandmother of said children, respectively. The Court further finds that Georgia Code Section 74-403 requires the written consent of a living parent or parents of a child before an adoption may be granted; however, there are certain exceptions. The Court finds that the natural mother did abandon the three minor children within the meaning of the statute. The mother is now divorced from the father of said children, and permanent custody and control of the children was awarded to the father. The Court further finds that the father, subsequent thereto, did execute and deliver a 'Contract for Virtual Adoption of Minors' to his father and stepmother, the petitioners, Hubert L. Phillips and his wife, Mrs. Lucille Collins Phillips. The Court further finds that Mr. and Mrs. Paul Epps are in no way related to the petitioners, Hubert L. Phillips and Mrs. Lucille Collins Phillips, and are in no way related to the three minor children, David Vincent Phillips, Barry Lee Phillips, and Benny Daniel Phillips, or to the minor children's mother, Mrs. Diane B. Phillips Carey. Mr. and Mrs. Epps' interest in the case comes from a 'consent' signed by the natural mother, Mrs. Diane Carey, as to Barry Lee Phillips, Daniel Phillips, and David Vincent Phillips, the three minors in question. Each one of the three 'consents' grants to 'Maranatha Children's Home, Inc.,' 'the care custody and control of said minor child, assigning thereto all rights which we might have in said child for a minimum time of three years and granting to the Director of said Home the right to place said child in any school of their choice, to exercise all reasonable disciplinary restrictions or actions in regard to said child, and to take the children across state lines to singing engagements, etc., and to secure, without our specific consent, all medical treatment which in the opinion of the Director and his wife may be proper.' As to all three of the minor children in question, the 'consents' were signed by the natural mother, Mrs. Diane Carey, and are dated April 10, 1974. The Court further finds that the signing of

the 'consents' as to the three minor children in question by the natural mother, Mrs. Diane Carey, on the 10th day of April, 1974, divested her of all rights she might have in the children for a three year period from April 10, 1974, until April 10, 1977. The Court further finds that the signing of the consent and the further actions on the part of the mother, as disclosed by the evidence, amounted to an abandonment of said children by said natural mother, obviating the necessity of obtaining her written consent to the adoption of the three minor children. The Court further finds that on the date that the natural mother signed the three 'consents,' namely, April 10, 1974, the permanent custody of the three children was in the father by virtue of Final Decree of this Court dated October 12, 1971. In that Decree, the Court awarded 'the custody and control of the parties' minor children . . . to be in the plaintiff' (Vincent Phillips), he being the natural father of said three minor children. The Court further finds that later, at a subsequent hearing involving the custody of the three minor children, this Court did on the 26th day of July, 1972, make certain findings of fact. The effect of the Order of this Court of July 26, 1972, was that Mrs. Diane B. Phillips Carey was an unfit person and that there had been a material change in circumstances surrounding Mrs. Diane B. Phillips Carey's having privileges for said children to visit with her, and which have and do adversely affect the welfare of the children. The Court further found, in the Order of July 26, 1972, that all rights of custody, care, or visitation granted to Mrs. Diane B. Phillips Carey by the Final Judgment and Decree of this Court were terminated."

Other than what may be contained in the orders in the divorce proceeding between the mother and father and subsequent proceedings between them, of which the trial judge took judicial notice, there is no evidence as to the unfitness of the mother.

In one of the orders dated July 26, 1972, the trial judge found that the mother was married again January 7, 1972, after the divorce was granted on October 12, 1971, and that the mother carried on an illicit relationship with this second husband shortly after October 12, 1971, up until her marriage to him. He further found that this

second husband had been convicted of crimes including two of burglary and that since the divorce on October 12, 1971, when the children were permitted to visit her she kept the children with her "in a mobile home in which" they "were living ostensibly as husband and wife." Based upon these findings of fact, he ordered "that all rights of custody, care or visitation granted to Mrs. Diane B. Phillips, now Mrs. Diane B. Phillips Carey, by the final judgment and decree of this court, dated October 12, 1971, and entered in the divorce action of Vincent Phillips v. Diane B. Phillips in the Superior Court of Franklin County, Georgia, be and the same are hereby terminated." The order further provided that "the permanent care and custody of the minor children" including the three boys and the adoption proceeding, and two girls not here involved, "be and the same is hereby awarded to the father" and "the mother is granted the privilege of alone and by herself visiting the children at the residence of the father" at certain periods therein specified.

Another order dated June 28, 1974, after a hearing, left the primary custody of the five children in the defendant father and granted the mother the right to have the children visit her at certain stated intervals providing in the order that during the visitation period the mother "shall not allow any drinking of intoxicants in her residence," or "allow anything that will in any way affect or interfere with the physical, mental or emotional well being of the children." The judge who entered these orders is also the judge who presided in the adoption proceedings in the present case. *Held:*

1. Ordinarily in the trial of a case in the superior court, the court can not take judicial notice of the record in another case in the same court, without its formal introduction in evidence. See *Glaze v. Bogle,* 105 Ga. 295, 298 (31 SE 169); *Altman v. Fla-Ga. Tractor Co.,* 217 Ga. 292, 293 (3) (122 SE2d 88); see also *Clifton v. State,* 53 Ga. 241 (3); *Gray v. Bradford,* 194 Ga. 492 (3) (22 SE2d 43); *Fagan v. Jackson & Orme,* 1 Ga. App. 24, 25 (57 SE 1052); *O'Connor v. United States,* 11 Ga. App. 246 (4) (75 SE 110). However, inasmuch as no objection was made to the judicial notice taken by the court of the previous orders,

nor any objections made in this court, and the orders being included in the record before this court, we will consider them in passing on the questions presented.

2. Merely because the father has been given permanent custody of the children of a marriage in a divorce decree does not so sever the parental relations of the mother as to eliminate the requirement that her consent be given for the adoption of said children by another person. See *Glendinning v. McComas,* 188 Ga. 345 (3 SE2d 562).

3. The "contract" between the mother and the Epps or the Maranatha Children's Home, Inc., standing alone, did not constitute an abandonment of her children. See *Owens v. DeLoach,* 134 Ga. App. 783 (216 SE2d 363); *Brazell v. Anderson,* 113 Ga. App. 15 (2) (146 SE2d 921). There was no other evidence showing any intent on the part of the mother to abandon the children.

4. Assuming, without deciding, that the findings of fact in the prior orders in the litigation between the father and the mother could be considered as evidence thereof in the present case, these findings do not show that the mother's consent is not required.

Section 3 of the Act of 1941 (Ga. L. 1941, pp. 300, 301, Code Ann. § 74-403) in subsection 1 thereof, provides that "[e]xcept as otherwise specified in this section, no adoption shall be permitted except with the written consent of the living parents of a child." Subsection 2 of the section reads as follows: "Consent of the parents shall not be required where a child has been abandoned by its parents, or where the parents of a child cannot be found, after a diligent search has been made, or where a parent is insane or otherwise incapacitated from giving such consent, and the court is of the opinion that the adoption is for the best interest of the child, or where the parents have surrendered all of their rights to said child to a licensed child-placing agency, or court of competent jurisdiction for adoption, or to the State Department of Public Welfare through its designated agents, or in the case of parents whose parental rights have been terminated by order of a juvenile or other court of competent jurisdiction, or where both parents are dead."

There is no evidence that any of these exceptions

existed. Assuming, without deciding, that a proper finding that the mother was "unfit" existed in this case such *fact* is not within the exceptions of the statute. Until this "unfitness" results in the termination of all parental rights of the mother in a proper proceeding therefor, the consent of the mother is required for another person to adopt her child under the above statute. The petition for adoption, therefore, is not a proceeding where parental rights may be terminated because of the "unfitness" of the parent so as to avoid the requirement of the statute that the parent must consent to the adoption.

5. We hold, therefore, that the trial judge erred in the order permitting the adoption of the three children by the grandparents in the absence of a consent by the mother.

*Judgment reversed. Evans and Marshall, JJ., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 16, 1976.

*Rodger E. Davison,* for appellants.
*C. Patrick Milford, Cathey & Strain, Edward E. Strain, III,* for appellees.

