30653. SCARBOROUGH v. HOWELL et al.

INGRAM, Justice.

This is an appeal from a judgment of the Juvenile Court of Bibb County denying relief to the plaintiff who filed a petition in the nature of habeas corpus against her parents in the superior court seeking a change in the custody of her three minor children, or, in the alternative, a modification of her visitation rights. Plaintiff's parents presently have custody of her children under previous orders of the juvenile court and the superior court transferred the present case to that court for hearing and determination. The appeal was properly directed to this court under these circumstances. See *Moss v. Moss,* 233 Ga. 688 (212 SE2d 853) (1975).

The Juvenile Court of Bibb County conducted an evidentiary hearing on the petition and considered the testimony of 15 witnesses before entering its order

denying the prayers of the petition and remanding the custody of the minor children to the defendants, the maternal grandparents, with the same visitation rights previously granted to plaintiff.

The sole enumeration of error is addressed to the legal sufficiency of the evidence. We have carefully reviewed the transcript of the evidence and find the enumeration to be without merit. ". . . [I]f there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing (or denying) custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).[1]

An application of the *Robinson* rule to the evidence in this case requires affirmance of the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 29, 1975 — DECIDED FEBRUARY 24, 1976.

*Harry F. Thompson,* for appellant.
*Fred M. Hasty, District Attorney, J. Alton Glodin,* for appellees.

---

[1]See *White v. Bryan,* 236 Ga. 349, for a restatement of the law applicable to cases involving the loss of custody by a natural parent.