## 32583. SKIPPER et al. v. SMITH et al.

MARSHALL, Justice.

This is an appeal by the maternal grandparents of a deprived child from an order of the juvenile court terminating the parental rights of the mother and denying the grandparents' habeas corpus petition seeking custody of the child on the ground that the mother had consented to their adoption of him.

Proceedings involving the child began on January 23, 1975, when the Houston County Department of Family & Children Services (DFCS) filed a petition in the juvenile court seeking temporary custody of the child. The petition alleged that the child was "deprived." Code Ann. § 24A-301 (a) (1) (C) (Ga. L. 1971, pp. 709, 712, as amended). It was stated that the child's father was deceased and that the mother was an alcoholic with an arrest record for such offenses as public drunkenness, disorderly conduct, and driving under the influence of alcoholic beverages. The petition further alleged a failure on the part of the mother to maintain a sanitary home for the child and clothe him properly, as well as an inattention by her to his medical and dental needs.

Following a hearing, the juvenile court entered an order on February 11, 1975, finding that the child was deprived, and transferring temporary custody of him to DFCS. Code Ann. § 24A-2701 (c) (Ga. L. 1971, pp. 709, 738, as amended).

On February 12, 1976, DFCS filed a petition for termination of parental rights in the juvenile court, alleging various acts by the mother subsequent to rendition of the temporary custody order evincing a complete indifference to the child and an inability to provide the necessary care for him (due in part to her chronic alcoholism). The petition alleged that this state of affairs was likely to continue indefinitely into the future. The mother was served with notice of the petition on February 13, 1976.

On April 20, 1976, the child's maternal grandparents, appellees herein, filed a petition for writ of habeas corpus in the superior court, alleging that the child was being held illegally by DFCS and praying for

custody of him.

As their sole legal ground for custody of the child, the appellees produced the written consent of the mother to their adoption of him, which was executed by the mother on April 19, 1976, and filed with the court on April 20, 1976. A petition for adoption of the child was also filed in superior court.

The petition for habeas corpus was transferred by order of the superior court to the juvenile court for a determination of custody.

The petition to terminate parental rights and the petition for writ of habeas corpus were consolidated for a hearing, which was held January 3, 1977. Following the hearing, the juvenile court entered an order terminating the parental rights of the mother and transferring permanent custody of the child to DFCS.

The juvenile court held that the consent of the mother to the grandparents' adoption of the child was not binding on the court in that the consent had been given during the pendency of this action for termination of her parental rights. The grandparents appeal. *Held:*

1. Appellate jurisdiction of this case is lodged in the Supreme Court. Code § 2-3104 (Const., Art. VI, Sec. II, Par. IV). See *English v. Milby,* 233 Ga. 7 (209 SE2d 603) (1974).

The appellees argue that under a trilogy of cases decided by this court (*Moss v. Moss,* 233 Ga. 688 (212 SE2d 853) (1975); *In re J. R. T.,* 233 Ga. 204 (210 SE2d 684) (1974); and *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974)), jurisdiction to hear this appeal is in the Court of Appeals.

The jurisdictional confusion stems from the fact that, at the hearing below, two petitions were consolidated for consideration.

The first was a petition filed in the juvenile court by DFCS to terminate the parental rights of this allegedly deprived child. Appellate jurisdiction to hear such a case lies in the Court of Appeals. See *In re J. R. T.,* supra, and *Moss v. Moss,* supra.

The second was a habeas corpus petition filed in the superior court and transferred to the juvenile court, in which the maternal grandparents of the child sought to

obtain custody from DFCS. Jurisdiction to hear an appeal of this sort lies in the Supreme Court. See *Robinson v. Ashmore,* supra.

The gravamen of this appeal is whether the juvenile court erred in denying the relief the appellees sought via their habeas petition, to-wit, custody of their grandchild. As this appeal is presented to us, the action of the juvenile court in terminating the parental rights of the mother is not enumerated as error.

Therefore, not only have the features of this case lying within the appellate jurisdiction of this court not become moot, but also they are the only features of the case around which revolve the contested issues on appeal. Therefore, jurisdiction is properly in this court. Cf. *Leggitt v. Allen,* 208 Ga. 298 (66 SE2d 709) (1951) and cits.

2. The trial court was in error to the extent of its holding that the consent of the mother to an adoption of the child was without legal efficacy.

Code Ann. § 24A-2901 (Ga. L. 1971, pp. 709, 740) provides that: "A custodian to whom legal custody has been given by the court under this Code [Title 24A] has the right to physical custody of the child, the right to determine the nature of the care and treatment of the child, including ordinary medical care and the right and duty to provide for the care, protection, training, and education, and the physical, mental, and moral welfare of the child, *subject to the conditions and limitations of the order and to the remaining rights and duties of the child's parents or guardian.*" (Emphasis supplied.)

Looking first to the temporary custody order in this case, nothing appearing therein sought to restrain the mother from giving her consent to an adoption of the child. Therefore, we reach the question of whether the right to consent to an adoption of the child is one of those residual rights retained by the parent under § 24A-2901, supra, notwithstanding the transfer of temporary legal custody of the child to another person. We believe that it is. See *Jackson v. Anglin,* 193 Ga. 737 (19 SE2d 914) (1942). See also *Carey v. Phillips,* 137 Ga. App. 619 (224 SE2d 870) (1976).

Code Ann. § 74-403 (2) (Ga. L. 1941, pp. 300, 301; as amended) provides, inter alia, that the consent of the

parent to an adoption of the child is not required where the parent has had his or her parental rights terminated by order of a juvenile or other court of competent jurisdiction. Since, in the present case, the mother had not had her rights in the child terminated as of the date she consented to his adoption, her consent was not invalid on that ground. Her consent to the child's adoption did, however, result in a loss of her parental rights and control. Code § 74-108; *Durden v. Johnson,* 194 Ga. 689 (22 SE2d 514) (1942).

Nor do we agree that the mother's consent to the adoption of the child was invalid in that it deprived the juvenile court of its previously obtained jurisdiction in the termination-of-parental-rights hearing. Rather, her consent to the child's adoption simply rendered that determination unnecessary, since the mother had already by her own voluntary action relinquished her parental rights.

In the event it appeared to the court that the proposed adoption was merely a subterfuge to thwart the apprehended court-ordered termination of parental rights, nothing would preclude the court from proceeding with the termination-of-parental-rights hearing, as was done in the present case. However, since the consent to adopt the child was executed by the mother in this case before her rights in the child had been terminated, the mother's consent authorized the prospective adoptive parents (the grandparents) to commence adoption proceedings under Code Ch. 74-47, as they did by filing an adoption petition in the superior court. The court can, in its discretion, deny the adoption if it finds that it would not be in the best interest of the child. Code Ann. § 74-414 (Ga. L. 1941, pp. 300, 305; as amended). See *Herrin v. Graham,* 87 Ga. App. 291 (73 SE2d 572) (1952).

3. The juvenile court was correct in holding that the bare consent of the mother to the grandparents' adoption of the child did not, by its own force, give them a legal right to custody of the child. The adoptive parents would have no legal right to custody of the child until the entry of a final order of adoption granting them permanent custody. Code § 74-414, supra.

Therefore, the order appealed from must be affirmed

insofar as it denies the appellants' prayers for immediate custody of the child. However, the juvenile court order must be reversed insofar as it grants to appellees permanent custody of the child, as the appellants' adoption petition is still pending in superior court.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JULY 29, 1977 — DECIDED
OCTOBER 20, 1977.

*Williams & Finlayson, Theron Finlayson,* for appellants.

*Carol Atha Cosgrove, Assistant Attorney General, L. A. McConnell, Jr., Special Assistant Attorney General, John P. Nixson,* for appellees.