**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 22, 2018**

# In the Court of Appeals of Georgia

A18A1378. IN THE INTEREST OF K. B., a child.          DO-051

DOYLE, Presiding Judge.

This case addresses the Juvenile Code's definition of a "child." A few days before K. B.'s 18th birthday, the juvenile court in this case held a hearing and entered an order adjudicating her a dependant child as defined by OCGA § 15-11-2 (22). After K. B.'s 18th birthday, the juvenile court held another hearing and entered a disposition order finding continued dependency and placing K. B. into the care of the Department of Family and Children Services ("DFCS"). DFCS now appeals, arguing that the juvenile court lacked jurisdiction to enter that order because K. B. did not meet the statutory definition of a "child" under OCGA § 15-11-2 (10). Because K. B. was over the age of 18 and not in the care of DFCS as required by OCGA § 15-11-2 (10), we agree and reverse.

We review the juvenile court's "decision de novo as it involves the interpretation of a statute, which is a question of law."[1]

The record shows that K. B. was born on June 19, 1999. In 2016, she was adjudicated to be a "child in need of services" due to ongoing conflict with her mother at home.[2] In May 2017, approximately six weeks before K. B.'s 18th birthday, a guardian ad litem ("GAL") was appointed to represent her best interests, and a week later, the GAL filed a petition alleging that K. B. was a dependent child. After an attorney was appointed to represent K. B. in the proceedings, a pretrial conference was held on the dependency petition, and on June 12, 2017, a dependency hearing was held; K. B. was adjudicated dependent on June 16, three days before her 18th birthday.

Following a hearing on August 10, 2017, a disposition order was entered in October 2017, nunc pro tunc August 10, 2017. In that order, the juvenile court found that K. B. was not living at home due to ongoing conflict with her mother, and she was sharing a bedroom with a male friend in a two-bedroom/two-bathroom residence

---

[1] *In the Interest of H. E. B.*, 303 Ga. App. 895, 896 (695 SE2d 332) (2010).

[2] See generally OCGA § 15-11-380 et seq. It is not clear from the record what services, if any, K. B. received as a result of that adjudication.

along with four others. Over DFCS's objection on jurisdictional grounds, the court ruled that 18-year-old K. B. remained dependent and ordered that temporary custody be transferred to DFCS so that she could receive independent living services from DFCS. It is undisputed that K. B. was not in the custody of DFCS and was not receiving services from DFCS prior to the order.

DFCS now appeals from this order, arguing that the court lacked jurisdiction over K. B. because she did not meet the statutory definition of a "child" when the juvenile court ordered K. B. into its custody. We agree.

We begin with the relevant Code sections. With respect to the juvenile court's jurisdiction generally, under OCGA § 15-11-10, the juvenile court has exclusive original jurisdiction over actions "concerning any child who . . . [i]s alleged to be a dependent child."

OCGA § 15-11-2 (10), defines the term "child" as anyone who is:

(A) Under the age of 18 years;

(B) Under the age of 17 years when alleged to have committed a delinquent act;

(C) *Under the age of 22 years and in the care of DFCS as a result of being adjudicated dependent before reaching 18 years of age*;

3

(D) Under the age of 23 years and eligible for and receiving independent living services through DFCS as a result of being adjudicated dependent before reaching 18 years of age; or

(E) Under the age of 21 years who committed an act of delinquency before reaching the age of 17 years and who has been placed under the supervision of the court or on probation to the court for the purpose of enforcing orders of the court.[3]

It is undisputed that at the time of the disposition, K. B. was not under the age of 18, she was not alleged to have committed a delinquent act, and she was not "receiving independent living services." Accordingly, the question becomes whether K. B. met the definition in subpart (C): "[u]nder the age of 22 years and in the care of DFCS as a result of being adjudicated dependent before reaching 18 years of age."

> When we consider the meaning of a statute, we . . . presume that the General Assembly meant what it said and said what it meant. To that end, we . . . afford the statutory text its plain and ordinary meaning, we . . . view the statutory text in the context in which it appears, and we . . . read the statutory text in its most natural and reasonable way, as an

---

[3] (Emphasis supplied.) This Code section, including the definition at issue, has been revised effective July 1, 2020. See Ga. L. 2018, p. 472, §§ 1-1, 5-1. The new definition in subparagraph (C) applies to individuals who are "[b]etween 18 and 21 years of age and receiving extended care youth services from DFCS." OCGA § 15-11-2 (10) (C) (effective date July 1, 2020).

ordinary speaker of the English language would. Applying these principles, if the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.[4]

Here, according to a plain reading of OCGA § 15-11-2 (10) (C) as written, the language at issue essentially contains three elements in the definition of a child: (i) she must be under the age of 22 years; (ii) she must be in the care of DFCS; (iii) and the care must be as a result of being adjudicated dependent before reaching 18 years of age (as opposed to resulting from another reason for DFCS intervention such as delinquency). This reading gives effect to all of the language in the text and manifests a pragmatic, codified policy of allowing dependent children who are in the care of DFCS at age 18 to continue care until age 22. The fact that an individual who does not meet this definition cannot invoke her status as a "child" merely reflects the sometimes difficult exercise of legislative judgment necessary when drawing lines and establishing the scope of a statutory scheme.

For example, the legislature could have written that an individual must be under the age of 22 and adjudicated dependent before the age of 18. Or the legislature

---

[4] (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

could have written that an individual be under the age of 22 and "eligible for care" as a result of a dependency adjudication entered before the age of 18. But these alternatives were not employed; instead, the General Assembly wrote "in the care of DFCS as a result of being adjudicated dependent before reaching 18 years of age." "[W]e must presume that the General Assembly meant what it said and said what it meant,"[5] so we apply the ordinary meaning of that provision as written.

This conclusion is reinforced by the context of the language at issue, particularly the definition immediately following subpart C. The next definition, subpart D, applies if an individual is "[u]nder the age of 23 years and eligible for and receiving independent living services through DFCS as a result of being adjudicated dependent before reaching 18 years of age."[6] Again, the legislature drafted this definition to include those "eligible for *and receiving* independent living services."[7]

---

[5] (Punctuation omitted.) *Arby's Restaurant Group, Inc. v. McRae*, 292 Ga. 243, 245 (1) (734 SE2d 55) (2012).

[6] OCGA § 15-11-2 (10) (D).

[7] (Emphasis supplied.)

6

This mirrors the language at issue, i.e., "in the care of DFCS," not just *eligible for* care. Given this similar context and language, we read subpart C in the same way.[8]

For these reasons, we conclude that the juvenile court erred by ruling that K. B. met the definition of a child under OCGA § 15-11-2 (10) (C). Despite her prior dependency adjudication, K. B. was not ordered into custody of DFCS nor were any services ordered by the juvenile court or provided by DFCS as a result of that adjudication until after she had reached the age of 18. Accordingly, at the time of the disposition hearing, 18-year-old K. B. was not "in the care of DFCS" and was not a child as defined by OCGA § 15-11-2 (10) (C).

*Judgment reversed. Dillard, C. J., and Mercier, J., concur*.

---

[8] We note that the General Assembly stated that the Juvenile Code "shall be liberally construed to reflect that the paramount child welfare policy of this state is to determine and ensure the best interests of its children." OCGA § 15-11-1. But that does not authorize this Court to depart from a natural reading of the Code as written absent an absurd or impractical result. Any expansion of the juvenile court's jurisdiction or the definitions in the Code section must be done by the legislature, something that it has declined to do as recently as the 2018 session. See Ga. L. 2018, p. 472, § 1-1.